UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GUADALUPE SUAREZ DE AVILA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. ED CV 15-00150-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Guadalupe Suarez De Avila ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her applications for disability insurance benefits and Supplemental Security Income benefits. For the reasons discussed below, the Court concludes that the ALJ erred in determining that Plaintiff was able to perform her past relevant work as a housekeeper. The Commissioner's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

///

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her applications for disability insurance and supplemental security income benefits on September 23, 2011, alleging disability beginning July 1, 2007. Administrative Record ("AR") 24. At a hearing on May 30, 2013, the ALJ called a vocational expert ("VE") to testify about what work Plaintiff could perform despite her limitations. AR 59-64. The ALJ gave the VE a series of hypotheticals based on what the ALJ determined was Plaintiff's residual functional capacity ("RFC"):

> Q Please consider an individual who is 51 years old and who has a sixth grade education from Mexico, per testimony. Who is unable to communicate in English. And has the work background as the claimant. And the following functional limitations. Can lift and carry 20 pounds occasionally and 10 pounds frequently. Can stand and walk for six hours in an eight hour day. Can sit for six hours in an eight hour workday. And can perform postural activities occasionally. Could such a person do any of the past work?
>
> A Only the housekeeping, your honor, per the DOT code and as performed.
>
> Q And for hypothetical question number two, please keep in mind all of the limitations in hypothetical number one. But this person is also limited to work involving simple, repetitive tasks? Can that person do the work of a housekeeper?
>
> A Yes, your honor.
>
> Q Okay, and for hypothetical number three I am just going to add on another limitation. This person is limited to work involving no more than occasional contact with co-workers and

```
        the public. Could this person do the work of a housekeeper?
                A     Yes, your honor.
AR 61-62.
        In his decision, the ALJ relied on the VE's testimony in concluding that
Plaintiff was not disabled because she could perform her past relevant work as
a housekeeper:
           The vocational expert testified that the claimant could
           perform her past relevant work with the [RFC] delineated above.
           [¶] Pursuant to SSR 00-4P, the undersigned has determined that
           the vocational expert's testimony is consistent with the
           information contained in the Dictionary of Occupational Titles. [¶]
           In comparing the claimant's [RFC] with the physical and mental
           demands of this work, the undersigned finds that the claimant is
           able to perform it as actually and generally performed.
AR 37.
```

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in determining that Plaintiff was capable of performing her past relevant work. See Joint Stipulation ("JS") at 4. Plaintiff contends that the ALJ erred in determining that she was capable of performing her past relevant work as a housekeeper because her language restrictions prevent her from continuing her past work as generally performed (id. at 7-8), and her RFC assessment precludes her from continuing her past work as actually performed (id. at 8-10).

///
///
///
///

# III.
# DISCUSSION

## A. Applicable Law

The ALJ's determination that Plaintiff was able to perform her past relevant work as a housekeeper was made at step four of Social Security's five-step disability determination process. At step four, the claimant has the burden of showing that she can no longer perform her past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). "The claimant has the burden of proving an inability to return to [her] former type of work and not just to [her] former job." Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986). Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *4 (1982). This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the ALJ determines that the claimant can perform either the actual functional demands and job duties of a particular past relevant job, or as generally required by employers in the national economy, then the claimant is not disabled. Pinto, 249 F.3d at 845; 20 C.F.R. §§ 404.1520(f), 416.920(f).

## B. Past Relevant Work as Generally Performed

Plaintiff first argues that the Dictionary of Occupational Titles ("DOT") states that a housekeeper requires Language Level 1 skills, see DOT 323.687-014, 1991 WL 672783, and she cannot communicate at that level because she is "illiterate and unable to communicate in English." JS at 7. According to the definition of housekeeper in the DOT, Language Level 1 requires the following abilities:

///

> READING: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.
>
> WRITING: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.
>
> SPEAKING: Speak simple sentences, using normal word order, and present and past tenses.

DOT 323.687-014, 1991 WL 672783. Plaintiff relies primarily on Pinto, in which the Ninth Circuit found that an ALJ erred in noting the claimant's inability to speak English in both his findings of fact and hypothetical to the VE, but "failed to explain how this limitation related to his finding that [the claimant] could perform her past relevant work as generally performed." 249 F.3d at 847. The Ninth Circuit held that "in order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." Id. (Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).

Here, as in Pinto, the ALJ included in his hypotheticals posed to the VE that Plaintiff was "unable to communicate in English." AR 61-64. However, the ALJ made no explicit findings of fact regarding Plaintiff's language skills. During the hearing, Plaintiff was provided with the services of an interpreter, which was noted by the ALJ in his decision. AR 24, 44. The ALJ also questioned Plaintiff about her education and ability to speak English:

> Q   Okay. How far did you go in school?
> A   In Mexico, it was like sixth grade.
> Q   Are you able to speak any English?
> A   No.

AR 47. He then asked whether Plaintiff could speak "just a few words of

English." AR 48. She responded, "Well like yes, like numbers. For example, 'Where are you going?'" Id. She also stated, "Like colors." Id. While this exchange and the hypotheticals posed to the VE suggest that the ALJ considered Plaintiff to be illiterate in English, he made no specific finding in his decision.

And, although the ALJ "determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles," as required by SSR 00-4p, 2000 WL 1898704, he failed to discuss an apparent conflict. The VE stated, "my testimony has been consistent with the DOT code with the exception of responding to the past. I did not [INAUDIBLE] in the DOT code. My response is coming from the education and experience in this field." AR 65. Because whatever inconsistency identified by the VE is not apparent from this statement or the ALJ's decision, the Court cannot "determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, 2000 WL 1898704, at *2). An ALJ's failure to perform this step constitutes procedural error. Id. at 1153-54 & n.19. However, the Court may find the procedural error to be harmless if the VE provided sufficient support for his conclusion so as to justify any potential conflicts. Id. at 1154 n.19.

The Commissioner contends that the VE provided adequate support for his conclusions because "he testified that his responses were based on his 'education and experience in this field.'" See JS at 13 (quoting AR 65). In both of the cases cited by the Commissioner in support of this argument, the VE established a connection between his or her past experience and the specific skill or ability that conflicted with the DOT. See Hunter v. Astrue, 254 F. App'x 604, 606 (9th Cir. 2007) ("The ALJ here properly relied on the VE's

testimony that in his experience, not all security guard jobs required extensive writing skills."); Buckner-Larkin v. Astrue, 450 F. App'x 626, 628 (9th Cir. 2011) ("The vocational expert noted that although the DOT does not discuss a sit-stand option, his determination was based on his own labor market surveys, experience, and research."). In this case, the VE failed to do so.

The Commissioner also argues that the VE's testimony was supported by substantial evidence because Plaintiff was able to hold the position of housekeeper for over a decade, even if she could speak only Spanish. See JS at 13. Courts have routinely rejected similar arguments. See, e.g., Mora v. Astrue, No. 07-1527, 2008 WL 5076450, at *4 (C.D. Cal. Dec. 1, 2008) (finding that the "conclusory statement" that the claimant was able to work as a hotel maid in the past shows that she would be able to perform a very similar light level job, despite illiteracy, "is not persuasive evidence to support a deviation from a DOT requirement"); see also Farias v. Astrue, No. 09-0286, 2010 WL 796768, at *6 (E.D. Cal. Mar. 5, 2010) ("Defendant urges the Court to find that [the claimant] was sufficiently literate to perform the identified work, but such a finding would be an inappropriate post hoc rationalization.").

That Plaintiff does not speak, read, or write English does not by itself make her disabled. See Pinto, 249 F.3d at 847 ("A claimant is not per se disabled if he or she is illiterate."). As the Commissioner points out, all jobs in the DOT require at least Language Level 1 skills and any contention that illiteracy precludes all work would "be illogical and in direct contradiction to Social Security regulations." See JS at 11; Meza v. Astrue, No. 09-1402, 2011 WL 11499, at *21 (N.D. Cal. Jan. 4, 2011). Indeed, Plaintiff's past relevant work is a testament to her employability despite her inability to speak English. See Donahue v. Barnhart, 279 F.3d 441, 445 (7th Cir. 2002); Landeros v. Astrue, No. 11-7156, 2012 WL 2700384, at *5 (C.D. Cal. July 6, 2012). That said, "[i]lliteracy seriously impacts an individual's ability to perform work-

related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision." Pinto, 249 F.3d at 846. Moreover, where an ALJ relies on a job description in the DOT that fails to comport with the claimant's noted limitations, the ALJ must offer an explanation for the deviation. See Pinto, 249 F.3d at 847.

As discussed above, neither the ALJ nor the VE addressed the impact of Plaintiff's inability to communicate in English on her ability to find and perform a similar housekeeping job.[1] Additionally, the record is inadequate for the Court to determine whether there was a reasonable basis for this deviation, or any another deviation identified by the VE, from the DOT. Given that the ALJ did not definitively explain any such deviations, he could not properly find that Plaintiff could perform her past work as a housekeeper as generally performed in the national economy. See id.

### C. Past Relevant Work as Actually Performed

Plaintiff also contends that the ALJ erred in determining that she was capable of performing her past work as a housekeeper as actually performed because the standing/walking requirements of the job are incompatible with the ALJ's RFC assessment. JS at 8-10. The ALJ's RFC assessment determined that Plaintiff could "stand, walk or sit for six hours out of an eight-hour workday." AR 13. Plaintiff contends that this limitation precludes her from her past relevant work as a housekeeper as actually performed because that job required her to stand and/or walk for all eight hours of an eight-hour workday.

---

[1] The Ninth Circuit has not resolved "the question of whether illiteracy may properly be considered at step four of a disability determination." See Pinto, 249 F.3d at 847 n.5. However, it is sufficient for the Court's analysis that the ALJ did take Plaintiff's language skills into account in his hypotheticals posed to the VE. See id.

JS at 9-10.

A properly completed vocational report, see SSR 82-61, 1982 WL 31387, and the claimant's own testimony, see SSR 82-41, 1982 WL 31389, "may be used to define a claimant's past relevant work as actually performed." See Pinto, 249 F.3d at 845. On a similar set of facts, in Farias, the claimant testified that her past positions as a grape packer and as a peach and apple sorter required her to stand for eight hours, but her RFC provided that she could stand for only six hours. See 2010 WL 796768 at *5-6. Since the ALJ did not make any adverse findings regarding the amount of standing required by the claimant's past positions, the court determined that the ALJ's finding that she could perform her past relevant work as actually performed was not supported by the evidence. See id. at *6.

In this case, Plaintiff indicated in a written work history report that she worked as a housekeeper at a hotel from 1992 to 2003. AR 237. She stated that she walked and/or stood eight hours per eight-hour workday as well as stooped for two and a half hours, kneeled for an hour, and crouched for an hour. AR 239. At the hearing, the ALJ questioned Plaintiff about what kind of lifting she did as a housekeeper, but did not ask about the amount of standing and/or walking required. AR 49-50. The VE did not have any follow-up questions regarding Plaintiff's work history. AR 50. When the VE opined on the hypotheticals posed by the ALJ, he indicated that Plaintiff's position as a housekeeper "was performed light." AR 61. Light work generally requires six hours of standing and/or walking in an eight-hour day. See SSR 83-10, 1983 WL 31251, at *6 ("Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). Thus, it is unclear from the record whether the VE and the ALJ were both under the misconception that Plaintiff walked and/or stood for

six hours of an eight-hour workday in determining she could return to her past work as a housekeeper as actually performed.

The Commissioner urges the Court to assume from the ALJ's ultimate conclusion that he reviewed Plaintiff's work history report, which lists activities that add up to more than an eight-hour workday, and resolved this "ambiguity" by determining that Plaintiff stood and/or walked for only six hours per day. See JS at 15. However, "[t]he Court is not at liberty to merely assume that an ALJ performed a critical analysis in a case and affirm his or her decision on that basis." See Guzman v. Astrue, No. 09-4064, 2010 WL 1929563, at *2 (C.D. Cal. May 10, 2010). Indeed, the ALJ did not make any adverse findings regarding the amount of standing and walking required by Plaintiff's past housekeeping position. See Farias, 2010 WL 796768 at *6. The disparity between the eight hours that Plaintiff represented that she stood and/or walked for and the six-hour limitation in Plaintiff's RFC required a sufficient explanation relied on by the ALJ. Accordingly, the evidence in the record does not support the ALJ's finding that Plaintiff could perform her past relevant work as actually performed. See id.

Nor can the Court confidently state that any error was harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context." (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006))). As discussed above, neither the VE nor the ALJ provided sufficient support for the conclusion that Plaintiff was capable of performing her past relevant work.

**D.    A Remand for Further Proceedings Is Warranted**

Whether to remand for further proceedings or award benefits is within the discretion of the Court. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Remand is warranted where additional administrative proceedings

could remedy defects in the decision. Where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.; see also Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, the Court finds that remand is the appropriate remedy to allow the ALJ the opportunity to correct the above-mentioned deficiencies in the record. Specifically, the ALJ must explain any deviation from the DOT and clarify the discrepancy between the amount of standing/walking reported by Plaintiff and the limitation in her RFC.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

Dated: September 25, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge